IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OCCIDENTAL PETROLEUM CORP. and ANADARKO PETROLEUM CORP., | § § § § |
| Plaintiffs, | § CIVIL ACTION NO. H-21-1126 |
| v. | § § |
| WELLS FARGO BANK, N.A., | § § |
| Defendant, Third-Party Plaintiff. | § § § |

**MEMORANDUM AND ORDER**

The plaintiffs, Occidental Petroleum Corp. and Anadarko Petroleum Corp. ("Oxy") sued Wells Fargo Bank, alleging that it failed to follow its agreement to sell stocks on certain dates and in certain amounts. (Docket Entry No. 76). Oxy has now moved to recover the attorneys' fees it incurred in prosecuting its breach of contract claim. (Docket Entry No. 157).

The parties agree that Oxy prevailed on the breach of contract claim and did not prevail on the breach of fiduciary duty claims. (Docket Entry No. 157 at 8; Docket Entry No. 167 at 5). The parties also agree that Oxy successfully defended against Wells Fargo's counterclaim. (Docket Entry No. 167 at 11). After Wells Fargo pointed out problems in Oxy's fee submission—some billing entries were mistakenly submitted for a motion that was not filed and some were for work in an unrelated lawsuit—Oxy reduced its fee request by $7,096.50. (Docket Entry No. 167 at 14). The primary issues raised by Wells Fargo's objections to Oxy's motion for attorneys' fees are that: Oxy did not sufficiently segregate the fees it incurred in its successful breach of contract claims from the fees it incurred in its unsuccessful claims for breach of fiduciary duty and indemnification; Oxy did not sufficiently segregate the fees it incurred from the fees incurred by

Anadarko; Oxy did not sufficiently segregate the fees it incurred against Wells Fargo in its individual capacity from those fees incurred against Wells Fargo in its trustee capacity; and Oxy's claimed fees are excessive and unreasonable, and its billing records overly redacted. (*Id.*). Oxy has replied to the objections. (Docket Entry No. 168).

Based on the motion and exhibits, the objections, and the response, the court grants the motion for fees and overrules the objections. The court awards Oxy $1,497,529.66 in fees. The reasons for the rulings are set out below.

**I.     The Legal Authorities**

"[A]ttorney's fees are recoverable only if authorized by statute or by a contract between the parties." *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009). The Texas Civil Practice and Remedies Code allows for the recovery of attorneys' fees for a litigant who succeeds on a breach of contract claim. Tex. Civ. Prac. & Rem. Code § 38.001(b)(8). "To recover fees under this statute, a litigant must do two things: (1) prevail on a breach of contract claim, and (2) recover damages." *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 666 (Tex. 2009). The party seeking attorneys' fees must segregate recoverable fees from unrecoverable fees. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313–14 (Tex. 2006).

The calculation of reasonable attorneys' fees is a two-step process. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). First, the court calculates a "lodestar." *Id.* "In determining the appropriate amount of attorney's fees, a district court first must calculate the 'lodestar' by 'multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers.'" *Rodney v. Elliott Sec. Sols., L.L.C.*, 853 F. App'x 922, 924 (5th Cir. 2021) (quoting *Migis*, 135 F.3d at 1047). Whether an hourly rate is reasonable

depends on whether that rate is consistent with the "hourly rate in the community for the work at issue." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

Second, the court considers whether the circumstances of the case warrant an upward or downward lodestar adjustment. *Migis*, 135 F.3d at 1047. To determine whether "appropriate adjustments to the lodestar are necessary," the court "examine[s] the *Johnson* factors." *Rodney*, 853 F. App'x at 924 (citing *Migis*, 135 F.3d at 1047). The *Johnson* factors are: (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 91–93 (1989). "[T]he most critical factor in determining an attorney's fee award is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "This factor is particularly crucial when plaintiffs only 'prevail' on some of their claims." *Id.* at 434.

## II. Segregation

Wells Fargo objects that Oxy—Occidental and Anadarko—failed to segregate fees based on which was awarded which amount. (Docket Entry No. 167 at 12). Wells Fargo also objects that Oxy failed to segregate fees based on whether they relate to claims against Wells Fargo in its individual or trustee capacity. (*Id.* at 10). Neither objection is persuasive.

Oxy did segregate the fees it incurred in working solely on its unsuccessful claims for breach of fiduciary duty and indemnification. These fees Oxy excluded from its award request.

Specifically, the declaration of lead counsel for Oxy, Kathy Patrick, estimated that only 2.3 percent of Oxy's total fees, or $36,000, were incurred in work that related only to the breach of fiduciary duty and indemnification claims. (Docket Entry No. 157-1 ¶ 14). This amount was excluded from the total fee award Oxy sought. (*Id.*). Two factors support Oxy's argument to recover the remaining fees: the number of hours was reasonable in relationship to the complexity of the issues and the number of arguments presented; and the hourly rates were reasonable in relationship to the experience and expertise of counsel.

The record shows that Wells Fargo vigorously defended against Oxy's breach of contract, breach of fiduciary duty, and indemnification claims. Wells Fargo moved to dismiss Oxy's First Amended Complaint, and Oxy responded. (Docket Entry No. 24; Docket Entry No. 30). Wells Fargo also moved for summary judgment on its counterclaim. (Docket Entry No. 81). The court analyzed the arguments in light of the record and the applicable law and determined that Occidental prevailed on its breach of contract claim but did not prevail on the breach of fiduciary duty or indemnification claims. (Docket Entry No. 116). Occidental segregated the work it did before Anadarko intervened and only on the breach of contract claim. (Docket Entry No. 157-1 ¶ 14). The segregation requirement was met.

There is no support presented for Wells Fargo's argument, asserted for the first time here, that its liability depends on whether it is sued in its individual or trustee capacity. (Docket Entry No. 167 at 10). No basis for the distinction is identified. Wells Fargo is the only defendant, and its novel (as in not presented earlier in the case) argument that its liability must be separately analyzed for claims against it individually or as a trustee does not find a footing in the record or the case law.

Finally, Wells Fargo argues that Oxy cannot recover fees for defending against Wells Fargo's counterclaim that alleged that Oxy was liable for Equiniti's negligence. (*Id.* at 11). This argument is also unpersuasive. Under Texas law, if a defendant counterclaims and the plaintiff has to overcome the counterclaims to recover on a breach of contract claim, the fees incurred in doing so are also recoverable. *Varner v. Cardenas*, 218 S.W.3d 68, 69–70 (Tex. 2007). Wells Fargo counterclaimed and asserted an affirmative defense against Oxy based on its alleged liability for Equiniti's negligence. (Docket Entry No. 27). Oxy was required to rebut Wells Fargo's counterclaim and affirmative defense in order to prevail on its breach of contract claim. Oxy has presented evidence that the lodestar calculation of the fees incurred in asserting its claim and in opposing Wells Fargo's counterclaim were reasonable in the number of hours and the hourly rates. (Docket Entry No. 157-1 ¶ 12). Wells Fargo's objections to Oxy's motion for attorneys' fees are overruled. Wells Fargo is ordered to pay Oxy (Occidental Petroleum Corp. and Anardarko Petroleum Corp.) the total sum of $1,497,529.66 in attorneys' fees.

Oxy has not moved to recover, and this court does not rule on, post-judgment fees.

SIGNED on August 31, 2023, at Houston, Texas.

                                              Lee H. Rosenthal
                                       United States District Judge